IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| LAURA K., | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 20-2215 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | * |
| Defendant.[1] | * |

***********

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## <u>ALTERNATIVE MOTION FOR REMAND</u>

Plaintiff Laura K. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 18).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.

# I

## Background

Following remand by the Appeals Council, Administrative Law Judge ("ALJ") Thomas Mercer Ray held a supplemental hearing on April 11, 2019, in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 54-95. The ALJ thereafter found on July 17, 2019, that Plaintiff was not disabled from her alleged onset date of disability of November 11, 2014, through the date of the ALJ's decision. R. at 7-46. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since November 11, 2014, and that she had severe impairments. R. at 13-14. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 14-19.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. [Plaintiff] could stand or walk for a total of 6 hours in an 8-hour workday. She could sit for a total of about 6 hours in an 8-hour workday. [Plaintiff] could push or pull as much as she could lift and/or carry. [Plaintiff] could occasionally climb ramps or stairs. She should never climb ladders, ropes, or scaffolds. [Plaintiff] could occasionally balance, stoop, kneel, crouch, and crawl. She retains the ability to concentrate, persist, and stay on pace with regard to performing simple 1-4 step, routine, repetitive tasks where such work [is] performed in a low stress work environment, defined as requiring only occasional decision-making, and only occasional changes in the work setting, where there would be only occasional contact with co-workers, supervisors, and the general public, and which would not require a fast pace or production quotas such as would customarily be found working on an assembly line.

R. at 19.³  In light of this RFC and the VE's testimony, the ALJ found that, although Plaintiff could not perform her past relevant work as a cashier and security guard, she could perform other work in the national economy, such as a bakery worker, inspector, or packer/packaging worker. R. at 34-36.  The ALJ thus found that Plaintiff was not disabled from November 11, 2014, through July 17, 2019.  R. at 36-37.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on July 29, 2020, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the

---

³ "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age,

education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 9-17, ECF No. 15-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 11. In particular, she contends that, among other things, the ALJ failed to evaluate properly the opinions of a state agency medical consultant who opined that Plaintiff was able to understand, remember, and carry out simple, one- and two-step instructions and procedures (R. at 172, 185). *Id.* at 12-14. Plaintiff further asserts that the VE's testimony apparently conflicts with the *Dictionary of Occupational Titles*[6] (the "DOT"). *Id.* at 14-15. Plaintiff also argues that the ALJ

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

[6] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007);

erroneously evaluated her subjective complaints. *Id.* at 3-8. For the reasons discussed below, the Court remands this case for further proceedings.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform

---

*see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address.  *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Court turns first to Plaintiff's argument that the ALJ failed to evaluate properly the opinions of Nancy Dinwoodie, M.D., a state agency medical consultant who opined that Plaintiff was able to understand, remember, and carry out simple, one- and two-step instructions and procedures (R. at 172, 185).  Pl.'s Mem. Supp. Mot. Summ. J. 12-14, ECF No. 15-1.  According to Plaintiff, although the ALJ "afforded her opinions 'considerable weight,' he failed to include a restriction to simple one to two step instructions in his [RFC] assessment, and instead limited [her] to the performance of simple 1-4 step routine, repetitive tasks."  *Id.* at 13 (citation omitted).  The Court finds that the ALJ's failure to address Dr. Dinwoodie's opinions regarding Plaintiff's ability to understand, remember, and carry out simple, one- and two-step instructions and procedures warrants remand.  *See Jennifer S. v. Berryhill*, Civil No. TMD 17-2487, 2018 WL 5112407, at *5 (D. Md. Oct. 19, 2018) ("Despite affording significant weight to the opinion of Dr. Suansilppongse, who opined that Plaintiff's mental capacity restricted her to performing one- and two-step tasks, the ALJ's 'RFC and hypothetical here are not supported by substantial evidence because it is not clear whether the omission of any limitation to one or two-step jobs was intentional or not.'" (citation omitted)); *Price v. Berryhill*, Civil No. TMD 17-1560, 2018 WL 3122443, at *9 (D. Md. June 26, 2018).

As Plaintiff points out, the job of "bakery worker, conveyor line," which was one of the jobs that the VE testified was available to an individual with the ALJ's assessed RFC (R. at

35-36, 83), involves reasoning level one, which according to the DOT involves applying "commonsense understanding to carry out simple one- or two-step instructions" and dealing "with standardized situations with occasional or no variables in or from these situations encountered on the job" (Pl.'s Mem. Supp. Mot. Summ. J. Ex. C, ECF No. 15-4). DOT 524.687-022, 1991 WL 674401. Plaintiff argues, however, that the VE's testimony regarding the occupation of "bakery worker, conveyor line" apparently conflicts with the DOT. Pl.'s Mem. Supp. Mot. Summ. J. 14-15, ECF No. 15-1. As noted in Part II above, the Commissioner bears the burden at the final step of the five-step sequential evaluation process used to evaluate a claimant's disability claim. *Pearson*, 810 F.3d at 207. To determine whether sufficient other work exists for the claimant in the national economy, the ALJ relies primarily on the DOT. *Id.* The ALJ may also use a VE "to address complex aspects of the employment determination, including the expert's observations of what a particular job requires in practice or the availability of given positions in the national economy." *Id.* SSR 00-4p requires that the ALJ inquire, on the record, whether the VE's testimony conflicts with the DOT, and also requires that the ALJ elicit a reasonable explanation for and resolve conflicts between the VE's testimony and the DOT. *Id.* at 207-08 (citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000), at \*2). The ALJ must, by determining if the VE's explanation is reasonable, resolve conflicts before relying on the VE's evidence to support a determination or decision about whether the claimant is disabled. *Id.* at 208 (citing same).

An ALJ has not fulfilled his affirmative duty merely because the VE responds "yes" when asked if his testimony is consistent with the DOT. *Id.* Rather, the ALJ independently must identify apparent conflicts between the VE's testimony and the DOT. *Id.* at 209. "[I]n many cases, testimony may only *appear* to conflict with the [DOT], and the [VE] may be able to

explain that, in fact, no conflict exists." *Id.* A VE's testimony that apparently conflicts with the DOT "can only provide substantial evidence if the ALJ has received this explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the [DOT]." *Id.* at 209-10 (citing SSR 00-4p, 2000 WL 1898704, at *2).

The Court agrees that, contrary to the VE's testimony, a limitation precluding "a fast pace or production quotas such as would customarily be found working on an assembly line" (R. at 19) is apparently inconsistent with the performance of the occupation of "bakery worker, conveyor line." The DOT description of the bakery worker occupation states that the worker "[i]nspects cakes moving along conveyor to detect defects and removes defective cakes from conveyor to reject bins" (Pl.'s Mem. Supp. Mot. Summ. J. Ex. C, ECF No. 15-4). DOT 524.687-022, 1991 WL 674401. "This task of looking at items on a conveyor belt and removing specific items conflicts with an RFC precluding fast paced, assembly line work. Accordingly, on remand, the ALJ should explore, explain, and resolve the conflict identified herein between the VE's testimony and the DOT." *Robert M. v. Saul*, Civil No. BPG-19-345, 2020 WL 1046046, at *3 (D. Md. Mar. 4, 2020) (citations omitted).

Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. In any event, the ALJ also should address these other issues raised by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: September 24, 2021                                                  /s/
                                                                    Thomas M. DiGirolamo
                                                                    United States Magistrate Judge